UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



KAREN ROSS, ET AL

VERSUS                                        CIVIL ACTION NO. 06-200-A

CHARLES D. WILLARD, ET AL

## RULING ON MOTION IN LIMINE

This matter is before the court on a "motion to exclude proposed testimony of Tom Truss" by defendants, Charles D. Willard, J.B. Hunt Transport, Inc., and American Home Assurance Insurance Company (doc. 35). Plaintiffs, Karen and David Ross, oppose the motion (doc. 38). Jurisdiction is based upon 28 U.S.C. § 1332. There is no need for oral argument.

### FACTS AND PROCEDURAL HISTORY

On March 14, 2006, this matter was removed from the Nineteenth Judicial District, Parish of East Baton Rouge (doc. 1). The original state court petition alleges that on November 21, 2005, Karen Ross was traveling southbound on U.S. Hwy. 61 in East Baton Rouge Parish when an 18- wheeler owned by defendant J.B. Hunt Transport, Inc. and being driven by defendant, Charles Willard, made an abrupt lane change into plaintiff's lane of travel. To avoid being hit by the rig, plaintiff alleges that she immediately braked and attempted to change lanes. In doing so, she allegedly lost control of her vehicle, left the highway, and began flipping. Her

1

alleged injuries include abdominal injuries, neck and back injuries, and multiple fractures of the pelvis.  Mrs. Ross's husband, David Ross, alleges loss of service, society, and consortium.  Named as defendants were Willard, J.B. Hunt, and J.B. Hunt's liability insurer, American Home Assurance.

On July 21, 2007, defendants filed this motion seeking exclusion of the proposed testimony of plaintiff's expert, Tom Truss, on grounds that: 1) it fails to meet the admissibility requirements of Fed. Rule of Evid. 702 or *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); 2) it is cumulative; 3) it seeks only to 'interpret' for the jury the testimony of other witnesses and to tell the jury the result Mr. Truss thinks they should reach (doc 35); and 4) his opinions as expressed in his report and deposition do not satisfy the requirements of the Federal Rules of Evidence.  (doc. 36, p. 7).

## LAW AND DISCUSSION

The admissibility of expert testimony is governed by Federal Rule of Evidence 702[1] and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, (509 U.S. 579) (1973), which provide that the court serves as a gatekeeper, ensuring all scientific testimony

---

[1]Federal Rules of Evidence 702 provides:
> If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

is relevant and reliable.   This gatekeeping role extends to all expert testimony, whether scientific or not.   *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).   Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.  Rule 403 of the Federal Rules of Evidence provides that the court may exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[2]

## QUALIFICATION OF TOM TRUSS

Mr. Truss lists his qualifications in his affidavit, specifically noting his experience owning and operating commercial trucks, a truck repair facility and a commercial trucking company for many years; organizing a terminal in compliance with the "Federal Motor Carrier Rules and [sic] Regulations"[3] ("FMCSR"); working as a consultant for an accident reconstruction company dealing with commercial truck accidents; training drivers and other company personnel regarding the commercial

---

[2]Rule 403 of the Federal Rules of Evidence provides:
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[3]The court assumes Mr. Truss was referring to the Federal Motor Carrier Safety Regulations.

driver's license criteria and the provisions of the FMCSR; and working as a consultant in commercial carrier safety and industry standards regarding the safe operation of commercial trucks, conducting numerous truck safety seminars, safety meetings and analyses of over 2000 heavy truck accidents with a developed expertise in the driving mistakes causing the accident.  (doc. 38-3, pp 8-9).

Mr. Truss testified in deposition that he is an expert in "safety regulations, maintenance, driving criteria, things like that, for truck drivers," (doc. 36-3, p. 4).  He declared in his affidavit that he "does not purport to reconstruct the facts that actually caused the accident." (doc. 38-3, p. 4).  Plaintiffs, in their Memorandum Opposing Motion to Exclude Expert Testimony, state that they "intend to call Mr. Kelley Adamson as an expert in accident reconstruction and Mr. Tom Truss as an expert in the field of motor carrier safety and the applicable standard of care." (doc. 38, p. 2).  They reiterate this intention with regard to Mr. Truss's testimony by later stating that "Mr. Truss will testify as to the standard of care imposed upon a driver under facts similar to those indicated by testimony." (*Id*. at 11).  Plaintiffs contend that the appropriate test for qualification "is whether Mr. Truss possesses a higher degree of knowledge and experience [regarding issues of motor carrier and driver safety] than does the ordinary individual." (*Id*. at 4, *brackets in original*).  Plaintiffs further state that "Mr. Truss does not render an opinion as to what actually happened between the vehicles.  Other evidence and testimony will have to establish what events actually occurred." (*Id*. at 12).

Despite counsel's disclaimer, the report submitted by the witness contains many factual conclusions as to how the accident happened and who caused it, as will be set forth, *infra*.

## STANDARD OF CARE

"[W]hether defendant owed plaintiff a duty is properly a question of law for the court to determine, while the question of whether plaintiff breached that duty is a determination for the jury." *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993). Louisiana law recognizes that commercial truck drivers are held to a higher standard of care than motorists at large. *Davis v. Witt*, 851 So.2d 1119, 1128-29 (La.2003). "While criminal statutes are not, by themselves, definitive of civil liability, they do provide guidelines which a court may use in establishing the proper standard of care for determining civil liability." *Kahoe v. State Farm Mutual Auto. Ins. Co.*, 349 So.2d 1345 (La.App.), *writ denied* 350 So.2d 1212 (La.1977).

By referencing La. Civ. Code art. 2315 and the applicable provisions of Title 32 of the Louisiana Revised Statutes, the court can determine the standard of care applicable to the case at bar and communicate it to the jury through proper instruction. Mr. Truss's testimony would be of little value in that determination. Furthermore, Mr. Truss is not qualified as an expert in accident reconstruction, yet his expert report contains many conclusions regarding what events actually occurred immediately prior to and during the accident. For instance, in his preliminary opinions, Mr. Truss states the following: "[The testimony of Mr. Brantley] indicates

5

that Mr. Willard turned abruptly into the passing lane with his tractor-trailer" (*Id.* at 2);

"Mr. Willard's immediate intrusion into the passing lane of the four lane highway was

a demonstration of aggressive, careless driving behavior" (*Id.* at 3); "Mr. Willard did

not properly clear his path when he intruded the high speed passing lane of

southbound traffic with his slow moving tractor-trailer" (*Id.*); Mr. Willard "failed to

keep a proper, continual look-out by his rear view mirrors" (*Id.* at 4); "[t]he necessity

that Mr. Willard change lanes for a left turn on LA 64 should not have been more

important than his jeopardizing the safety of others by impeding traffic in the passing

lane" (*Id.*); and "[e]ffectively 'cutting off' Mrs. Ross in the passing lane when he

turned his slow moving tractor-trailer left, Mr. Willard bears a significant responsibility

for creating an emergency that ultimately caused Mrs. Ross to drive out of control."

(*Id.*) (*quotations in original*).  In his report summary, Mr. Truss states that "[t]he

unfortunate crash that Mrs. Ross experienced is the result of an aggressive driving

maneuver by a Commercial Driver.  Mr. Willard, driving a tractor-trailer involved in

the accident, failed to exercise good driving practices when he abruptly turned his

rig into a fast moving passing lane while driving slowly." (*Id.*).  Mr. Truss even cites

an Arkansas Commercial Driver's Manual as authority for determining the standard

of care appropriate on a Louisiana highway.  (*Id.*, at 3-5).

      The proposed testimony of Mr. Truss is not needed in order to determine the

applicable standard of care.  Moreover, the court finds that Mr. Truss's proposed

testimony presents a significant danger of confusing the issues, misleading the jury

and creating unfair prejudice.  Because this danger substantially outweighs any probative value such evidence would present, the testimony is subject to exclusion under Rule 403 of the Federal Rules of Evidence.

## CONCLUSION

Therefore, for the foregoing reasons, the motion in limine by defendants, Charles D. Willard, J.B. Hunt Transport, Inc., and American Home Assurance Insurance Company (doc. 35), seeking exclusion of the proposed testimony of Tom Truss is hereby **GRANTED** and the testimony of that witness shall be excluded.

Baton Rouge, Louisiana, October 1, 2007.


JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA