UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2007 DEC 13  P 2: 21

KAREN ROSS, ET AL

VERSUS

CHARLES D. WILLARD, ET AL

CIVIL ACTION

BY DEPUTY CLERK

No. 06-200-A

## RULING ON MOTION TO RECONSIDER
## AND ALTER OR AMEND RULING

This matter is before the court on a motion by plaintiffs (doc. 43) to reconsider and alter or amend the court's ruling on motion in limine (doc. 42) excluding the proposed testimony of plaintiff's expert witness, Tom Truss ("Truss").  Plaintiffs have filed a memorandum in support of the motion (doc. 44) and defendants oppose (doc. 46).  Jurisdiction is based on 28 U.S.C. § 1332 and the matter is now submitted.

### DISCUSSION

Plaintiffs, in the present motion, move the court to reconsider and alter or amend its ruling excluding Truss's proposed testimony so as to allow him to testify regarding the standard of care applicable in the case at bar (doc. 43).  Though acknowledging that Truss's expert report was over-reaching with regard to breach of duty and causation (doc. 44, p. 2), plaintiffs argue that his testimony is necessary to establish the applicable standard of care in the present case (doc. 44, pp. 5-6).

"[W]hether defendant owed plaintiff a duty is properly a question of law for the court to determine, while the question of whether plaintiff breached that duty is a

1

determination for the jury." *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993).   Louisiana law recognizes that commercial truck drivers are held to a higher standard of care than motorists at large.   *Davis v. Witt*, 851 So.2d 1119, 1128-29 (La.2003).   When lay persons cannot find or infer negligence by applying common sense in a negligence case founded on Louisiana law, expert testimony is appropriate to establish the applicable standard of care.   *Krummel v. Bombardier Corp.*, 206 F.3d 548, 558 (5th Cir. 2000) (citing *Greenhouse v. C.F. Kenner Assoc. Ltd. Partnership*, 723 So.2d 1004, 1008 (La.App. 4th Cir. 1998)).

However, "[t]he court should ensure that the opinion comports with applicable professional standards outside the courtroom and that it 'will have a reliable basis in the knowledge and experience of [the] discipline.'" *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 991 (5th Cir. 1997) *(quoting Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

"Without 'industry standards' to rely upon, [the expert] seems to base his conclusions on his own authority.   Because 'knowledge connotes more than subjective belief or unsupported speculation,' there is no reliable foundation for [the] expert opinion." *Grdinich v. Bradlees*, 187 F.R.D. 77 (S.D.N.Y. 1999) (q*uoting Daubert*, 509 U.S. at 590).   When an expert's "opinion is fundamentally unsupported, then it offers no expert assistance to the jury.   Furthermore, its lack of reliable support may render it more prejudicial than probative, making it inadmissible under

Fed.R.Evid. 403."[1]  *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

The court notes that Truss may be qualified to express his views specifically regarding the appropriate standard of care to be exercised by a commercial truck driver operating a tractor trailer rig on a Louisiana highway.[2]  See *e.g., Dickenson v. Cardiac and Thoracic Surgery of Eastern Tennessee*, 388 F.3d 976, 980 (6th Cir. 2004), *cert. denied*, 544 U.S. 961 (2005) (stating that the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience)).

The standard of care applicable to the case at bar involves that which should be exercised by a licensed commercial driver making certain, specific maneuvers with a tractor trailer rig on a highway in Louisiana.  Therefore, if plaintiffs' attorneys can present the court with a scenario in which Truss can establish his qualifications to testify to the specific standard of care applicable in the present case and then limit

---

[1]Fed.R.Evid. 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[2]In his affidavit of August 7, 2007, Truss testified that, inter alia, he has many years of experience  as both an owner and licensed operator of commercial trucks in such places as Texas and Idaho.  His, testimony, however does not specifically refer to either licensure or experience on Louisiana highways.  Because the case at bar involves the duty owed by a commercial truck  driver making certain, specific maneuvers on Louisiana highways, an expert testifying to the standard of care in the present case must lay a foundation to demonstrate his familiarity with that specific standard of care.

his testimony appropriately,[3] the court will consider admission of that testimony, provided it is restricted to that issue – leaving it up to the jury to decide the facts, ie., did the commercial driver breach the standard of care.  This witness does not and cannot known the answer to that question.

## CONCLUSION

Accordingly, the motion by plaintiffs to reconsider and alter or amend ruling (doc. 43) is hereby **DENIED,** granting to plaintiff, however, the opportunity to re-visit the issue if counsel can present a narrowly tailored expert opinion as to specifically, and exclusively, address the appropriate standard of care.

Baton Rouge, Louisiana, December 13, 2007.

JOHN V. PARKER, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3]Plaintiffs, thus far, have not presented the court with proposed testimony by Truss that is narrowly tailored so as to address the appropriate standard of care without potentially falling afoul of  Fed.R.Evid. 403.  *See* (doc. 42, pp. 5-7) (describing how the danger of the currently proposed testimony to confuse the issues, create prejudice or mislead the jury outweighs its probative value.